# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT C. BRAUN,

        Plaintiff,        Case No. 04-C-882

    v.

CITY OF MILWAUKEE, a municipal corporation, ARTHUR JONES, Former City of Milwaukee Police Chief, in both his official and individual capacities, and KEVIN FRIEDEL, City of Milwaukee Police Officer, in both his official and individual capacities,

        Defendants.

## OPINION AND ORDER

In July of 2003, Plaintiff Robert Braun was arrested outside the entrance to the Summerfest grounds in Milwaukee, Wisconsin. After an initial citation was amended, he was charged with loitering, but the charge was later dropped. Now he is suing the City of Milwaukee, its former police chief, and a police officer for violating his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. He is seeking declaratory, injunctive and monetary relief pursuant to 42 U.S.C. § 1983. After the deadline for the completion of all discovery passed, the Plaintiff moved for partial summary judgment and the Defendants moved for summary judgment on all claims. These motions are now fully briefed.

## I. SERVICE

As a threshold matter, the Defendants point out that Defendant Arthur Jones, the former chief of police, has never been properly served with process and that, therefore, the claims against him should be dismissed.

The court assumes that Jones is being sued in his personal capacity because he no longer has an official capacity and his successor has not been substituted. Service on Jones was attempted at the Milwaukee Police Department and at an office of the City of Milwaukee. An employee of the City of Milwaukee signed the proof of service. This manner of service does not comply with Federal Rule of Civil Procedure 4. Nevertheless, the Defendants waived the affirmative defense of improper service by not raising it in a preliminary motion brought pursuant to Federal Rule of Civil Procedure 12(g) or in their Answer. See Charles Alan Wright and Arthur Miller, 5C Federal Practice and Procedure Civil 3d § 1391 (2004). Therefore, this prong of the Defendants' motion will be denied.

## II. UNCONSTITUTIONAL STATUTE

In his motion for partial summary judgment, Braun says that he wants this court to declare that the Milwaukee loitering ordinance, section 106.31 of the Milwaukee Code of Ordinances, is unconstitutional on its face because it is overly broad and void for vagueness. Braun did not include this claim in his Complaint or even in his proposed Amended Complaint. Moreover, the Wisconsin Attorney General has not been notified. See 28 U.S.C. § 2403(a). Thus, the court will not consider a claim raised for the first time in a summary judgment motion.

## III. **REMAINING CLAIMS**

The court will deny the remaining prongs of the parties' motions, including the request for qualified immunity. Many of the material facts are in dispute. The parties cannot even agree on which ordinance Braun was initially cited for violating. The Plaintiff says that the City told him that the records have been lost. Under these circumstances, the court ORDERS that the "Motion for Summary Judgment of Defendants City of Milwaukee, Arthur Jones and Kevin Friedel" (filed June 30, 2005) IS DENIED.

IT IS FURTHER ORDERED that the "Plaintiff's Motion for Partial Summary Judgment" (filed June 30, 2005) IS DENIED.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 26th day of August, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge